UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MELREE LAREA GLENN,

       Plaintiff,

    v.

ABINA BANK,

       Defendant.

Case No. 3:18-cv-00009-AA

ORDER

AIKEN, District Judge:

Plaintiff, an inmate currently housed at Two Rivers Correctional Institution, files this action pursuant to 42 U.S.C. § 1983 and applies to proceed in forma pauperis (IFP). However, at the time plaintiff filed the instant complaint, plaintiff had filed more than three actions in this District that were dismissed for failure to state a claim and/or as frivolous. Accordingly, plaintiff is not entitled to proceed IFP, and he must submit the full $400.00 fee to proceed with this action. Alternatively, plaintiff must explain why he is not barred from proceeding IFP despite the cases that were dismissed for failure to state a claim and/or as frivolous.

1 -    ORDER

A prisoner may not proceed IFP – without paying the requisite filing fee – if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Generally, a case dismissed for the reasons set forth in § 1915(g) is considered a "strike" against the prisoner, with three "strikes" prohibiting IFP status. *Andrews v. Cervantes,* 493 F.3d 1047, 1049 (9th Cir. 2007) (referring to § 1915(g) as the "three-strikes rule").

Prior to filing the instant complaint, plaintiff had filed eighteen cases while incarcerated, and seventeen cases were dismissed for failure to state a claim and/or as frivolous:[1]

1. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01317-AA (dismissed on November 14, 2017 for failure to state a claim);

2. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01325-AA (dismissed on October 17, 2017 for failure to state a claim);

3. *Glenn v. United States of America, et al.*, Case No. 3:17-cv-01346-AA (dismissed on October 17, 2017 for failure to state a claim);

4. *Glenn v. United States of America, et al.*, Case No. 3:17-cv-01347-AA (dismissed on October 17, 2017 for failure to state a claim and as frivolous);

5. *Glenn v. United States of America, et al.*, Case No. 3:17-cv-01348-AA (dismissed on October 17, 2017 for failure to state a claim and as frivolous);

6. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01374-AA (dismissed on October 17, 2017 for failure to state a claim);

7. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01375-AA (dismissed on October 17, 2017 for failure to state a claim and as frivolous);

8. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01376-AA (dismissed on October 17, 2017 for failure to state a claim);

---

[1] The remaining case was dismissed on grounds of jurisdiction and comity.

9. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01377-AA (dismissed on October 17, 2017 for failure to state a claim);

10. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01378-AA (dismissed on October 17, 2017 for failure to state a claim);

11. *Glenn v. United States of America, et al.*, Case No. 3:17-cv-01379-AA (dismissed on October 17, 2017 for failure to state a claim);

12. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01380-AA (dismissed on October 17, 2017 for failure to state a claim);

13. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01576-AA (dismissed on October 17, 2017 for failure to state a claim);

14. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01616-AA (dismissed on October 17, 2017 for failure to state a claim);

15. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01633-AA (dismissed on October 24, 2017 for failure to state a claim and as frivolous);

16. *Glenn v. State of Oregon, et al.*, Case No. 3:17-cv-01634-AA (dismissed on October 24, 2017 for failure to state a claim and as frivolous);

17. *Glenn v. State of Oregon, et al.*, Case No. 6:17-cv-01922-AA (dismissed on December 7, 2017 for failure to state a claim).

Accordingly, plaintiff has accumulated more than three strikes, and he may not proceed IFP unless he was under "imminent danger of serious physical injury" at the time he brought the current action. 28 U.S.C. § 1915(g); *Andrews,* 493 F.3d at 1053. Here, plaintiff does not allege imminent danger or injury; plaintiff alleges that he frequented a location or facility advertised in a publication ("Street Roots") "sponsored" by defendant, resulting in drug charges against him. Plaintiff apparently obtained syringes at the location, and they were confiscated and used as evidence when he was arrested for possession of methamphetamine.

Normally, the court would allow plaintiff to submit the filing fee to proceed with this action or explain why the above-named actions should not count as "strikes" precluding IFP status. *See In re Pauline,* 2015 WL 1349649, at *2 (D. Haw. Mar. 24, 2015) ("The district court

3 -   ORDER

may dismiss *sua sponte* an action that is barred by § 1915(g) after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard before dismissal."). However, as plaintiff has been advised previously, a private party such as Albina Bank generally cannot be sued under § 1983. Even if plaintiff pays the filing fee, he fails to state a claim and amendment would be futile. Accordingly, this action is dismissed.

## CONCLUSION

This action is DISMISSED.

IT IS SO ORDERED.

DATED this 24 day of January, 2018.

Ann Aiken
United States District Judge